IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| DEEANN HORN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 5:14-cv-364 (MTT) |
| ) | |
| CITY OF MACON, *et al.*, ) | |
| ) | |
| Defendants. ) | |
| ) | |

### ORDER

The Defendants claim they have moved to dismiss for failure to state a claim. However, they attach to their motion a "Statement of Material Facts." (Doc. 4-1). The Court can only assume that the Defendants were attempting to comply with the requirement that motions for summary judgment be supported by a statement of *undisputed* facts. M.D. Ga. L.R. 56. In any event, the statement of material facts contains no citation to the record. The Defendants' memorandum in support of their motion to dismiss does contain citations to the record, but many of those citations are not to the Plaintiff's complaint, which is the focus of a motion to dismiss, but rather to various exhibits the Defendants attach to their motion. Of course, the Court cannot consider these exhibits on a motion to dismiss. *See Wilchombe v. TeeVee Toons, Inc.*, 555 F.3d 949, 959 (11th Cir. 2009) ("A court's review on a motion to dismiss is limited to the four corners of the complaint.") (internal quotation marks and citation omitted). In short, the Defendants appear to have filed a motion for summary judgment. Clearly, they have not filed a proper motion to dismiss.

Overlooking this obvious deficiency in the Defendants' motion, the Plaintiff responds that this Court, in deciding the Defendants' motion to dismiss, should consider *Conley v. Gibson*, 355 U.S. 41 (1957), *overruled by*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).  *See also Ashcroft v. Iqbal*, 556 U.S. 662 (2009).  Plaintiff's counsel are instructed to Shepardize *Conley*.  When they do, they will discover that motions to dismiss in federal courts have for years been governed by *Iqbal* and *Twombly*, and not *Conley*.  Buried in her response, the Plaintiff appears to move for leave to conduct discovery in response to the Defendants' motion and then to amend her pleadings based on this discovery.  That is not an unreasonable request given that, as discussed, the motion to dismiss is really a motion for summary judgment which asks the Court to consider considerable factual information outside of the pleadings.

The Defendants' motion to dismiss is **DENIED** without prejudice.  The Defendants can either file a proper motion to dismiss or, at the appropriate time, move for summary judgment.  The Plaintiff's motion to conduct discovery is **MOOT**.

**SO ORDERED**, this 9th day of March, 2015.

                                        S/ Marc T. Treadwell
                                        MARC T. TREADWELL, JUDGE
                                        UNITED STATES DISTRICT COURT